UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**JEFFERY L. CARPENTER**                                                                       **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 1:11CV-P134-M**

**COMMONWEALTH OF KENTUCKY** *et al.*                                                        **DEFENDANTS**

### MEMORANDUM OPINION

Unrepresented by counsel, Jeffery L. Carpenter, a state inmate incarcerated at the Eastern Kentucky Correctional Complex, initiated this action by filing a document styled "Petition Requesting The Federal District Court To Take Jurisdiction, and Removal, of State Civil Action, From State Jurisdiction, To Federal Jurisdiction and Request For The Appointment of Practicing Attorney from Federal Court."

Plaintiff seeks to remove a Butler Circuit Court civil case (11-CI-00133) to this Court. In the state case, he sues the Commonwealth of Kentucky, the Assistant Attorney General, the Commonwealth's Attorney, the Department of Public Advocacy (DPA), and DPA attorneys, all of whom he claims failed to protect him and his rights during direct criminal appeals, in post-conviction proceedings, and in a habeas action before this Court. He claims that he cannot receive a fair trial in the state-court system because he "is out-matched by education, experience and The relationship of the Departments and agencies and officials of Ky who are professionals, and involved in this civil matter."

Although Plaintiff does not state a legal basis for removal of his action to this Court, removal of actions from state court is governed by 28 U.S.C. § 1441 *et seq.* Under circumstances where removal may be had, however, only a defendant or defendants may remove an action, not a plaintiff. *See, e.g.,* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State

court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants . . . .*") (emphasis added); § 1443 (providing that certain civil-rights actions or criminal prosecutions "may be removed by the *defendant* to the district court") (emphasis added). "As the statutory language makes plain, only 'the defendant or the defendants' may remove under § 1441(a)." *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002). "Indeed, it has long been recognized that '[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court.'" *Panter v. McIntyre*, No. 3:10-CV-6-H, 2010 WL 235000, at *1 (W.D. Ky. Jan. 15, 2010) (quoting *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972)). Plaintiff, therefore, lacks the authority under 28 U.S.C. § 1441 to remove his own action from state to federal court. Accordingly, the Court must remand the action to state court.

       The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
           Clerk, Butler Circuit Court (No. 11-CI-00133)
4414.005